**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| THE ANIMAL HOSPITAL ON MT. LOOKOUT SQUARE, INC., individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MASTERS PHARMACEUTICAL, INC.; MASTERS PHARMACEUTICAL, LLC; 360 PHARMA GROUP, LLC; DENNIS B. SMITH; and MASTERS DRUG COMPANY, INC.<br><br>　　　　　Defendants. | Case No.<br><br>**CLASS ACTION** |

**CLASS ACTION COMPLAINT**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Plaintiff The Animal Hospital on Mt. Lookout Square, Inc. ("Animal Hospital") alleges the following against Defendants Masters Pharmaceutical, Inc., Masters Drug Company, Inc., 360 Pharma Group, LLC; Dennis B. Smith; and Masters Pharmaceutical, LLC.

**PARTIES**

1.　Animal Hospital is an Ohio corporation, and its principal place of business is located in Cincinnati, Ohio.

2.　Masters Pharmaceutical, LLC (hereinafter referred to as "Masters Pharmaceutical") is an Ohio corporation, and its principal place of business is located in Mason, Ohio.

3. Masters Pharmaceutical, Inc. is an Ohio corporation, and its principal place of business is located is located in Mason, Ohio.  On May 13, 2016, 2016, Masters Pharmaceutical, Inc., was converted to Masters Pharmaceutical, LLC.

4. In 2016, "Masters Pharmaceutical" was a registered trade name of Masters Pharmaceutical and/or Masters Pharmaceutical, Inc.

5. Masters Drug Company, Inc. ("Masters Drug") is a Delaware corporation, and its principal place of business is located in Mason, Ohio.

6. Based on information and belief, Masters Drug is the parent corporation of Masters Pharmaceutical.

7. "Masters Pharmaceutical" presently operates as a sales and marketing division of Masters Drug.

8. 360 Pharma Group, LLC is an Ohio corporation, and its principal place of business is in Mason, Ohio.

9. Based on information and belief, 360 Pharma Group, LLC was the parent corporation of Masters Pharmaceutical and/or Masters Pharmaceutical, Inc. in 2016.

10. Dennis B. Smith is an individual and a resident of Ohio.  Mr. Smith was the CEO and sole shareholder of Masters Pharmaceutical, Inc. and then Masters Pharmaceutical, LLC.  Mr. Smith was directly involved in the management of Masters Pharmaceutical, including its marketing and advertising.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as Animal Hospital's claims allege the violation of a federal statute, 47 U.S.C. § 227, that gives rise to federal question jurisdiction.

12. This Court has personal jurisdiction over Masters Pharmaceutical, LLC, Masters Pharmaceutical, Inc., 360 Pharma Group, LLC, Dennis Smith, and Masters Drug Company, Inc. because they have transacted business within this judicial district, have made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

13. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## FACTS

14. On April 7, 2016, Animal Hospital received a document on its fax machine that purported to be from "Masters Pharmaceutical" (the "Masters Pharma Fax"). The Masters Pharma Fax was an order form for a pharmaceutical drug called "Fluvirin®" and associated products. The Masters Pharma Fax contained the respective prices for these products along with typical marketing inducements such as "SPECIAL OFFER", "FREE!", and "BOOK NOW!" A copy of the Masters Pharma Fax is attached hereto as Exhibit A.

15. Based on information, belief, and their appearance, the Masters Pharma Fax was transmitted to Animal Hospital and many other persons via their respective fax numbers/fax machines.

16. 47 U.S.C. § 227 is a federal law commonly referred to as the "Telephone Consumer Protection Act" ("TCPA") or "Junk Fax Prevention Act" ("JFPA"). The TCPA prohibits sending advertisements to people via their fax number/fax machine without their prior, express invitation or permission.

17. Animal Hospital did not give prior, express invitation or permission to Masters Pharma, Masters Pharmaceutical, 360 Pharma Group, Dennis Smith, or Masters Drug to send it the Masters Pharma Fax or any other advertisements via its fax number/fax machine.

3

18. "Masters Pharmaceutical" is a trade name registered by Masters Pharmaceutical, Inc. and also a wholesaler and/or distributor of pharmaceutical products such as vaccines, generic and brand-name prescription drugs, over-the-counter drugs, diabetic supplies, topicals, and other medical supplies.

19. In April of 2016, Masters Pharmaceutical, Inc. d/b/a Masters Pharmaceutical sold Fluvirin® and the other products listed in the Masters Pharma Fax.

20. In January of 2018, Masters Drug purchased the assets of Masters Pharmaceutical, LLC.

21. Since that time, Masters Drug has continued the business of Masters Pharmaceutical using the same trade name, employees, and facilities. In turn, since that time, Masters Pharmaceutical, LLC has conducted no active operations and has ceased to exist as a viable business concern.

22. 360 Pharma Group, LLC, Masters Pharmaceutical, Masters Pharmaceutical, Inc., and/or Masters Drug derived revenue from the sale of the products advertised in the Masters Pharma Fax.

## CLASS ACTION ALLEGATIONS

23. Animal Hospital brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action (2) were sent the Masters Pharma Fax or similar material (3) via facsimile (4) by or on behalf of Masters Pharmaceutical and/or Masters Drug." The persons who meet these criteria are the putative class members.

24. Numerosity: Based on information, belief, and the appearance of the Masters Pharma Fax, the number of putative class members exceeds forty.

25. <u>Commonality</u>: Common questions of law and fact apply to the claims of the putative class members. These include the following:

    (a) Whether the Masters Pharma Fax constitute an "unsolicited advertisement" within the meaning of the TCPA;

    (b) How Defendants compiled or obtained the list of fax numbers to which Masters Pharma Fax was sent;

    (c) Whether Defendants obtained "express invitation or permission" within the meaning of the TCPA from the intended targets prior to sending them the Masters Pharma Fax;

    (d) Whether the Masters Pharma Fax contained an opt-out notice that complied with the requirements of the TCPA;

    (e) Whether Defendants violated the TCPA and the regulations promulgated thereunder with regard to the Masters Pharma Fax; and

    (f) Whether Defendant sent the Masters Pharma Fax "knowingly" or "willfully" within the meaning of the TCPA.

26. <u>Typicality</u>: Animal Hospital is asserting the same claim under the same federal statute as all of the other members of the putative class. Aside from an incentive award, Animal Hospital is seeking the same relief for itself as all of the others members of the putative class.

27. <u>Adequacy</u>: Animal Hospital has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced and competent counsel to assist it in doing so.

28. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

    (a) Animal Hospital's claim depends on the same factual and legal issues as that of the putative class members;

(b) the evidence supporting Defendants' likely defenses will come solely from Defendants' own records and will not require any information or inquiries from individual class members;

(c) the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

(d) the identity of the putative class members can be readily ascertained from Defendants' or its agents' computer records, phone records, or other business records.

29. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

(a) the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

(b) the TCPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against large, sophisticated corporate defendants;

(c) many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

(d) the evidence concerning each of the putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## CLAIM FOR RELIEF – VIOLATION OF THE TCPA

30. 47 U.S.C. 227(b)(1)(C)(i)-(iii) of the TCPA states, in part, as follows: "It shall be unlawful for any person . . . to use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement unless (i) the unsolicited advertisement is from a sender with an established business relationship with the sender . . . and (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D)."

6

31. 47 U.S.C. § 227(a)(5) of the TCPA states as follows: "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

32. Masters Pharmaceutical either sent or authorized a third-party to send the Masters Pharma Fax to the fax machines/fax numbers of Animal Hospital and numerous other persons.

33. The Masters Pharma Fax promoted the availability and/or quality of products sold by Masters Pharmaceutical and/or Masters Drug.

34. Neither Masters Pharmaceutical nor the other Defendants obtained express permission from the targets/recipients of the Masters Pharma Fax prior to sending such advertisements to their fax machines/fax numbers.

35. The Masters Pharma Fax did not contain an opt-out notice that met the requirements of Paragraph (2)(D) of the TCPA.

36. Animal Hospital and the putative class members have suffered actual damages and statutory damages under the TCPA due to the sending of the Masters Pharma Fax to their fax machines/fax numbers.

WHEREFORE, Plaintiff The Animal Hospital on Mt. Lookout Square, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants Masters Pharmaceutical, Inc; Masters Pharmaceutical, LLC; 360 Pharma Group, LLC, Dennis B. Smith, and Masters Drug Company, Inc. as follows:

(1) that the Court adjudge and decree that the present action may proceed as a class action and certify a class as described herein, appoint Animal Hospital as the representative of the certified class, and appoint counsel for Animal Hospital as counsel for the certified class;

(2) that the Court award damages to Animal Hospital and the other members of the certified class for each violation of the TCPA by the Defendants;

(3) that the Court enjoin the Defendants from transmitting any advertisements via facsimile until such time as the Defendants have shown they have obtained the prior, express invitation or permission of the recipients and include an opt-out notice that complies with Paragraph (2)(D) of the TCPA on such advertisements; and

(4) that the Court award Animal Hospital an incentive award, pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

THE ANIMAL HOSPITAL ON MT. LOOKOUT SQUARE, INC., individually and as the representative of a class of similarly-situated persons,

By: /s/ Matthew E. Stubbs
George D. Jonson
Matthew E. Stubbs
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH  45202
Telephone: (513) 7241-4722
Fax: (513) 768-9227
Email: gjonson@mojolaw.com
mstubbs@mojolaw.com